# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>HUNG VAN HUYNH,<br><br>Defendant. | Criminal Case No. 09cr1442-MMA<br><br>*Related Civil Case No. 13cv2134-MMA*<br><br>**ORDER DISMISSING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR OTHERWISE CORRECT CONVICTION AND SENTENCE PURSUANT TO 28 U.S.C. § 2255**<br><br>[Doc. No. 69] |

On December 1, 2011, pursuant to a written plea agreement, Defendant Hung Van Hyunh pleaded guilty to count four of a Superseding Indictment for distributing 220.8 grams of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, section 841(a)(1), and Title 18, section 2. *See* Plea Agreement, Doc. No. 53. The Court sentenced Defendant on June 4, 2012 to 180 months imprisonment, 3 years of supervised release, no fine, and a $100 penalty assessment. *See* Judgment, Doc. No. 64. On August 29, 2012, Defendant filed a motion to vacate, set aside, or correct his conviction and sentence under Title 28, section 2255. *See* Doc. No. 65. Defendant challenged his sentence on three grounds: (1) his counsel was ineffective; (2) the Court breached the terms of his plea agreement in violation of his due process rights; and (3) the government withheld *Brady* evidence in violation of his due process rights. The Court summarily dismissed the motion.

1  *See* Doc. No. 66.  On September 6, 2013, Defendant filed a renewed challenge to his
2  conviction and sentence pursuant to 28 U.S.C. § 2255, once again alleging
3  ineffective assistance of counsel.  *See* Doc. No. 69.

4      Defendant's motion must be dismissed pursuant to Title 28, section 2444,
5  barring successive 2255 motions.  *See* Doc. No 4.  The filing of second and
6  successive motions under section 2255 is prohibited unless the defendant has
7  obtained certification from the Court of Appeals.  28 U.S.C. § 2244; *United States v.*
8  *Allen*, 157 F.3d 661, 664 (9th Cir. 1998).  Because Defendant's motion has not been
9  certified by the circuit court as required by Section 2244, this Court lacks
10 jurisdiction to entertain it, and the motion must be dismissed.  *See* 28 U.S.C. §§
11 2255; 2244(3)(A); *Magwood v. Patterson*, 130 S. Ct. 2788, 2796 (2010); *Thompson*
12 *v. Calderon*, 151 F.3d 918, 920 (9th Cir. 1998) (en banc); *see also Woods v. Carey*,
13 525 F.3d 886, 888 (9th Cir. 2008).

14     Accordingly, the Court **DISMISSES** Defendant's motion.  The Court
15 **DECLINES** to issue a Certificate of Appealability because Defendant has not made
16 a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2);
17 *see Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

18     **IT IS SO ORDERED**.
19 DATED:  September 12, 2013

Hon. Michael M. Anello
United States District Judge